UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br> ECHOSTAR TECHNOLOGIES L.L.C., <br> and NAGRASTAR LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MARIAN DUBAR, <br><br> Defendant. | Case No. 7:11-cv-00222-H |

## **FINAL JUDGMENT AND PERMANENT INJUNCTION**

### I. NATURE OF THE CASE

1. Plaintiffs brought this action against Defendant Marian Dubar (hereinafter "Defendant") for unlawfully circumventing the DISH Network security system and receiving encrypted, copyrighted, subscription-based DISH Network satellite television programming without authorization and without payment to DISH Network. Defendant accomplished this in part by subscribing to a pirate television service operated by www.dark-angel.ca ("Dark Angel"). The Dark Angel pirate television service allowed Defendant to illegally receive, intercept, and decrypt DISH Network's satellite signal and view copyrighted satellite television programming without authorization from DISH Network. (Dkt. 1, Pls.' Compl.)

2. Defendant was properly served with a copy of the Summons and Plaintiffs' Complaint, but Defendant failed to file an answer, responsive pleading, or otherwise defend herself from the lawsuit within the time allowed. Plaintiffs submitted evidence that Defendant is not an infant, not an incompetent person, and not on active duty in the military or otherwise exempted under the Service Members' Civil Relief Act.

1

3. As a result of Defendant's failure to answer Plaintiffs' Complaint, or otherwise appear in this action at all, the Court accepts as true the following well plead allegations in Plaintiffs' Complaint:

    (a)    DISH Network is a multi-channel video provider that delivers video, audio, and data services via a direct broadcast satellite system to more than 14 million subscribers. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event the purchase price. (Dkt. 1, ¶¶ 9-10.)

    (b)    DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and other holders of programming rights. The works broadcast on the DISH Network platform are copyrighted. DISH Network has the authority of the copyright holders to protect these works from unauthorized reception and viewing. (Dkt. 1, ¶¶ 11-12.)

    (c)    DISH Network programming is digitized, compressed, and scrambled prior to being transmitted to multiple satellites located in geo-synchronous orbit above Earth. The satellites then relay the encrypted signal back down to Earth where it can be received by DISH Network subscribers that have the necessary equipment. (Dkt. 1, ¶ 13.)

(d) The EchoStar Technologies receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission known as the entitlement control message and forwards that message to the smart card. Provided that the subscriber is tuned to a channel he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word. The control word is then transmitted back to the receiver in order to decrypt the DISH Network satellite signal. Each receiver and smart card is assigned a unique serial number which is used by DISH Network when activating the equipment, and to ensure the equipment only decrypts programming that the customer is authorized to receive as part of his subscription package and pay-per-view purchases. (Dkt. 1, ¶¶ 17-18.)

(e) Dark Angel was a pirate internet key sharing ("IKS") television service that provided end-users computer software and decryption codes needed to descramble DISH Network television programming without authority and without payment of a subscription fee to DISH Network. (Dkt. 1, ¶ 22.)

(f) Defendant violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1)(a) and 2520, by utilizing the Dark Angel pirate IKS television service and server to obtain DISH Network's descrambling control words to illegally receive, intercept, and descramble DISH Network copyrighted television programming. (Dkt. 1, ¶¶ 25, 38-40.)

4. Pursuant to §§ 2511(1)(a) and 2520 of the ECPA, Plaintiffs requested statutory damages in the amount of $10,000, a sum certain, for Defendant's intentional interception of Plaintiffs' encrypted satellite signal.

5. Plaintiffs have agreed to dismiss their cause of action under 17 U.S.C. § 1201(a)(1) of the Digital Millennium Copyright Act [Count I of Pls.' Compl.] and their cause of action under 47 U.S.C. § 605(a) of the Communications Act [Count II of Pls.' Compl.] with prejudice so that a final judgment can be entered in this case.

## II. FINAL JUDGMENT & PERMANENT INJUNCTION

Upon default of the Defendant, the Court, having reviewed the record, evidence, and applicable law in this matter, hereby **ORDERS** and **ADJUDGES** as follows:

(1) Defendant and anyone acting in active concert or participation with, or at the direction or control of Defendant are hereby **PERMANENTLY ENJOINED** from:

    1) intentionally intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing); and

    2) testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Plaintiffs' satellite television receivers, access cards, data stream or any other part or component of Plaintiffs' security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as Control Word Sharing).

(2) This Permanent Injunction takes effect immediately.

(3) Plaintiffs' causes of action under the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1) [Count I of Pls.' Compl.] and under the Communications Act, 47 U.S.C. § 605(a) [Count II of Pls.' Compl.], are hereby dismissed with prejudice.

(4) The Court further **ORDERS** judgment in favor of Plaintiffs on their claims under 18 U.S.C. §§ 2511(1)(a) and 2520 of the ECPA [Count III of Pls.' Compl.].

(5) Pursuant to 18 U.S.C. § 2520(c)(2)(B), the Court awards Plaintiffs with statutory damages in the amount of $10,000 against Defendant on Plaintiffs' claims under 18 U.S.C. §§ 2511(1)(a) and 2520 of the ECPA.

(6) The Court retains jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction.

(7) This is a final judgment.

It is so **ORDERED**.

**SIGNED** and **ENTERED** this 5th day of January 2012.

*Malcolm J. Howard*
Malcolm J. Howard
Senior United States District Judge